IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| James Fosnight, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:15-cv-606 |
| Convergent Outsourcing, Inc., a Washington corporation, and Jefferson Capital Systems, LLC, a Georgia limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT – CLASS ACTION**

Plaintiff, James Fosnight, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

**PARTIES**

3. Plaintiff, James Fosnight ("Fosnight"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt, which he allegedly owed for an Aspire credit card account.

4.     Defendant, Convergent Outsourcing, Inc. ("Convergent"), is a Washington corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant Convergent operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Defendant Convergent was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant, Jefferson Capital Systems, LLC ("Jefferson"), is a Georgia limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Defendant Jefferson operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Defendant Jefferson was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.     Defendant Jefferson is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like Defendant Convergent.

7.     Defendants Convergent and Jefferson are each authorized to conduct business in Indiana, and maintain registered agents here, <u>see</u>, records from the Indiana Secretary of State, attached as Group Exhibit <u>A</u>.  In fact, each of the Defendants conduct business in Indiana.

8. Defendants Convergent and Jefferson are each licensed as debt collection agencies in the State of Indiana, see, records from the Indiana Secretary of State, Securities Division, attached as Group Exhibit B. In fact, each of the Defendants act as collection agencies in Indiana.

## FACTUAL ALLEGATIONS

9. Defendants sent Mr. Fosnight an initial form collection letter, dated December 30, 2014, demanding payment of a delinquent consumer debt owed originally to Aspire Card. The letter stated, in pertinent part:

\* \* \*

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

\* \* \*

Nowhere in Defendants' letter did they advise Mr. Fosnight that disputes had to be in writing, to be effective, and so that he could require Defendants to provide validation of the debt,. A copy of this letter is attached as Exhibit C.

10. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

3

## COUNT I
## Violation Of § 1692g
## Ineffective Validation Notice

12.   Plaintiff adopts and realleges ¶¶ 1-11.

13.   Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide the consumer with an effective validation notice, containing, among other disclosures, "(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt" see, 15 U.S.C. § 1692g(a)(4).

14.   Nowhere in Defendants' December 30, 2014 initial collection letter to Plaintiff (Exhibit C) does it state that Plaintiff's dispute to Defendants had to be in writing to protect his right to obtain validation of the debt.  Thus, Defendants have violated § 1692 g(a)(4) of the FDCPA, see, McCabe v. Crawford & Co., 272 F. Supp. 2d 736, at 742-743 (N.D. Ill. 2003); Matmanivong V. NCC, 2015 U.S. Dist. LEXIS 15054, at *[26]-[27](N.D. Ill, Feb. 9, 2015).

15.   Defendants' violation of § 1692g(a)(4) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

16.   Plaintiff adopts and realleges ¶¶ 1-11.

17.   Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

18. Defendants, by failing to advise Plaintiff that his dispute must be in writing for it to be effective, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

19. Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

20. Plaintiff, James Fosnight, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for an Aspire credit card account, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

21. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Fosnight, in their attempts to collect delinquent consumer debts from other persons.

22. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts, by sending other consumers the same form collection letter they sent Plaintiff Fosnight.

23. Plaintiff Fosnight's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought

on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

24.	The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

25.	Plaintiff Fosnight will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Fosnight has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, James Fosnight, individually and on behalf of all others similarly situated, prays that this Court:

1.	Certify this action as a class action;

2.	Appoint Plaintiff Fosnight as Class Representative of the Class, and his attorneys as Class Counsel;

3.	Find that Defendants' form collection letter violated the FDCPA;

4. Enter judgment in favor of Plaintiff Fosnight and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, James Fosnight, individually and on behalf of all others similarly situated, demands trial by jury.

                                      James Fosnight, individually and on behalf of all others similarly situated,

                                      By:/s/ David J. Philipps_____
                                      One of Plaintiff's Attorneys

Dated: April 15, 2015

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com