IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| James Fosnight, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No.   1:15-cv-606-LJM-DML |
| Convergent Outsourcing, Inc., a Washington corporation, and Jefferson Capital Systems, LLC, a Georgia limited liability company, ) ) ) ) ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**AMENDED MOTION FOR CLASS CERTIFICATION**

Plaintiff, James Fosnight, individually and on behalf of all others similarly situated, hereby requests that this Court certify the class in this matter. In support of this motion, Plaintiff states:

**FACTUAL BACKGROUND**

Defendants, Convergent Outsourcing, Inc. ("Convergent"), and Jefferson Capital Systems, LLC ("Jefferson") sent Mr. Fosnight a form collection letter, dated December 30, 2014, which failed to provide him with an effective validation notice, in violation of § 1692g and § 1692f of the Fair Debt Collection Practices Acts, 15 U.S.C. § 1692 et seq. ("FDCPA"). (Dkt. 1-3).

Specifically, § 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide the consumer with an effective validation notice, containing, among other disclosures, "(4) a statement that if the

1

consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt" see, 15 U.S.C. § 1692g(a)(4).  Nowhere in Defendants' December 30, 2014 initial collection letter to Plaintiff (Dkt. 1-3) does it state that Plaintiff's dispute to Defendants had to be in writing to protect his right to obtain validation of the debt.  Thus, Defendants have violated § 1692 g(a)(4) of the FDCPA, see, McCabe v. Crawford & Co., 272 F. Supp. 2d 736, at 742-743 (N.D. Ill. 2003); Matmanivong V. NCC, 2015 U.S. Dist. LEXIS 15054, at *[26]-[27](N.D. Ill, Feb. 9, 2015). (Dkt. 1 at ¶ 9, 12-15). A copy of this letter is attached hereto as Exhibit 1.

Defendants also violated §1692f of the FDCPA which prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. Defendants by failing to advise Plaintiff that his dispute must be in writing for it to be effective, see, 15 U.S.C. § 1692f(1). (Dkt. 1 at ¶ 9, 16-19).

Plaintiff Fosnight requests that this Court allow him to represent a class of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for an Aspire credit card account, via the same form collection letter that Defendants sent to Plaintiff (Dkt. 1-3; Exhibit 1), from one year before the date of the Complaint to the present.

## ARGUMENT

### The Requirements Of Rule 23 Are Satisfied And Therefore This Case Should Proceed As A Class Action

The district courts in the Seventh Circuit have repeatedly and correctly held that it is appropriate to certify FDCPA claims for class action treatment.  (See, Balogun v.

Midland Credit Management, 2007 U.S.Dist.LEXIS 74845 (S.D. Ind. 2007) (McKinney, J.)(attached as Exhibit 2); Hubbard v. M.R.S. Associates, 2008 U.S. Dist.LEXIS 102983 (S.D. Ind. 2008)(Hamilton, J.)(attached as Exhibit 3); Jackson v. National Action Financial Services, 227 F.R.D. 284 (N.D. Ill. 2005)(Castillo, J.).[1]  Moreover, Congress specifically contemplated that the class action device would be used to foster enforcement of the FDCPA.  See, § 1692k(a)(2)(B) of the FDCPA.

Class certification is appropriate when all of the elements of Rule 23(a)[2] and one of the elements of Rule 23(b) has been satisfied.  (Amchem Products v. Windsor, 521 U.S. 591, 613-614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998); Phillips v. Asset Acceptance, 736 F.3d 1076, 1083 (7th Cir.  203); Balogun, 2007 U.S.Dist.LEXIS 74845 at [*8]-[*10](Ex. 2); Hubbard, 2008 U.S.Dist.LEXIS 102983 at [*3] (Ex. 3); Jackson, 227 F.R.D. at 287).  As shown below, this action satisfies the requirements of Rule 23(a) and (b)(3).  This Court should certify

---

[1]  See also, Daley v. Provena Hospitals, 193 F.R.D. 526 (N.D. Ill. 2000) (Alesia, J.); Vines v. Sands, 188 F.R.D. 302 (N.D. Ill. 1999)(Bucklo, J.); Wells v. McDonough, 188 F.R.D. 277 (N.D. Ill. 1999)(Marovich, J.); Clark v. Retrieval Masters Creditors Bureau, 185 F.R.D. 247 (N.D. Ill. 1998)(Bucklo, J.); Sledge v. Sands, 182 F.R.D. 255 (N.D. Ill. 1998)(Bucklo, J.); Randle v. G.C. Services, L.P., 181 F.R.D. 602 (N.D. Ill. 1998)(Gettleman, J.); Wilborn v. Dun & Bradstreet Corp., 180 F.R.D. 347 (N.D. Ill. 1998)(Gettleman, J.); Peters v. AT&T Corp., 179 F.R.D. 564 (N.D. Ill. 1998)(Bucklo, J.), Brewer v. Freidman, 152 F.R.D. 142 (N.D. Ill.1993) (Norgle, J.); Kremnitzer v. Cabrera & Rephen, P.C., 202 F.R.D. 239 (N.D. Ill. 2001)(Kocoras, J.); Parker v. Risk Management Alternatives, Inc., 206 F.R.D. 211 (N.D. Ill. 2002)(Gettleman, J.); McCabe v. Crawford & Company, 210 F.R.D. 631 (N.D. Ill. 2002) (Castillo, J.); and, Robles v. Corporate Receivables, Inc., 220 F.R.D. 306 (N.D. Ill. 2004) (Levin, J.).

[2] Rule 23(a) provides that a class action may be maintained when: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

this action as a class action pursuant to Rule 23(b)(3), because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. See e.g., Balogun 2007 U.S.Dist. LEXIS 74845 at [*11]-[*23](Ex. 2); Hubbard, 2008 U.S.Dist.LEXIS 102983 at [*4]-[*11] (Ex. 3); Jackson, 227 F.R.D. at 290.

### A. Numerosity Is Shown.

Plaintiff seeks to represent a class of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for an Aspire credit card account, via the same form collection letter that Defendants sent to Plaintiff (Dkt. 1-3; Exhibit 1), from one year before the date of this Complaint to the present.

A proposed class must be so numerous that joinder of all members is impracticable. (Balogun, 2007 U.S.Dist.LEXIS 74845 at [*11]-[*12] (Ex. 2); Hubbard, 2008 U.S.Dist.LEXIS 102983 at [*8]-[*11] (Ex.3); Jackson, 227 F.R.D. at 287). On June 23, 2015, Defendants' counsel, Charity Olson informed Plaintiff's Counsel that the proposed class consists of 83 persons and, thus, numerosity is not an issue. See, Declaration of David J. Philipps In Support Of Class Certification, at ¶ 13, attached as Exhibit 4.

### B. There Are Questions Of Law And Fact Common To The Class.

The requirement of Rule 23(a)(2) is satisfied if there is a single issue that is common among the class members. (Balogun, 2007 U.S.Dist.LEXIS 74845 at [*12]-

[*13] (Ex. 2); Hubbard, 2008 U.S.Dist.LEXIS 102983 at [*3] (Ex. 3); Jackson, 227 F.R.D. at 287). The commonality requirement is satisfied here because of the common issues of: 1) whether Defendant's form collection letter violates the FDCPA; and, 2) the appropriate relief to be awarded. Because there are common questions of law and fact, the requirement of Rule 23(a)(2) is satisfied.

### C. The Claims Of The Representative Plaintiff Are Typical Of The Claims Of All Class Members.

Rule 23(a)(3) requires that "the claim or defenses of the representative parties be typical of the claims or defenses of the class." (Balogun, 2007 U.S.Dist.LEXIS 74845 at [*12]-[*13] (Ex. 2); Hubbard, 2008 U.S.Dist.LEXIS 102983 at [*3] (Ex. 3); Jackson, 227 F.R.D. at 288-289). A plaintiff's claim is typical if it arises out of the same practice or course of conduct that gives rise to the claims of the other class members and the claim is based on the same legal theory. (Balogun, 2007 WL 2934886 at [*12]-[*13]; Jackson, 227 F.R.D. at 288-289). Here, as in Balogun, Hubbard and Jackson, Plaintiff's claims are typical of the claims of the class because they are brought pursuant to the FDCPA, relate to the identical form debt collection letter, and involve the same course of conduct by Defendant. Therefore, the requirement of Rule 23(a)(3) is satisfied.

### D. Plaintiff Will Fairly And Adequately Protect The Interests Of The Class.

Rule 23(a)(4) requires that the named plaintiff must fairly and adequately protect the interests of the class. The three factors important in that determination are:

(1)    whether the plaintiff has interests that are antagonistic to the class;

  (2)  whether the plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy; and,

  (3)  the plaintiff's counsel's qualifications, experience, and ability to conduct the litigation vigorously.

(Balogun, 2007 U.S.Dist.LEXIS 74845 at [*13]-[*21] (Ex. 2); Hubbard, 2008 U.S.Dist.LEXIS 102983 at [*4]-[*8] (Ex. 3); Jackson, 227 F.R.D. at 289-290).

  Plaintiff's claim arises from the same form debt collection letter as members of the proposed class. Plaintiff's interests are not antagonistic to the class' interests because Plaintiff's claims are identical to the claims of the proposed class. Plaintiff has sufficient interest in the outcome of this suit because he stands to recover damages for both himself and on behalf of the class. Moreover, Plaintiff will vigorously pursue this lawsuit for both himself and the class. Finally, Plaintiff's attorneys are experienced in litigating class actions, including FDCPA class actions. The qualifications of Plaintiff's attorneys, as well as a list of the cases in which they have been appointed class counsel, are detailed in Exhibit 4 (Declaration of David J. Philipps). Therefore, the requirements of Rule 23(a)(4) are satisfied.

  **E.  This Action Is Properly Maintained As A Rule 23(b)(3) Class Action**

  Plaintiff seeks certification of a Rule 23(b)(3) class. An action is properly maintained as a class action, pursuant to Rule 23(b)(3), where the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. See,

Balogun, 2007 U.S.Dist.LEXIS 74845 at [*8]-[*10] (Ex. 2); Hubbard, 2008 U.S.Dist.LEXIS 102983 at [*3] (Ex. 3); Jackson, 227 F.R.D. at 290.

Plaintiff's claims fit squarely into Rule 23(b)(3) because Defendants' liability to each class member is based on the form debt collection letter all members of the proposed class received.  (Balogun, 2007 U.S.Dist.LEXIS 74845 at [*21]-[*22] (Ex. 2); Hubbard, 2008 U.S.Dist.LEXIS 102983 at [*3] (Ex. 3); Jackson, 227 F.R.D. at 290). Moreover, a class action is superior to other methods of litigating this matter because: 1) it is unlikely that most of the people who received the form debt collection letter are aware of their rights under the FDCPA and thus, a class action insures that all members' rights are protected; additionally, the maximum amount that any party can receive under the act is relatively small, and thus the interests of the class members in individually controlling the prosecution of their claims is small; 2) there is no other litigation already commenced concerning this controversy by or against the members of the class; 3) the principles of judicial economy and efficiency favor trying the legality of a form collection letter in one litigation, rather than forcing each person who received the letters to litigate his or her claim individually; and 4) this case should not present any significant management problems if certified as a class action.  See, Balogun, 2007 U.S.Dist.LEXIS 74845 at [*21]-[*22] (Ex. 2); Hubbard, 2008 U.S.Dist.LEXIS 102983 at [*3] (Ex. 3); Jackson, 227 F.R.D at 290.

WHEREFORE, Plaintiff, James Fosnight, individually and on behalf of all others similarly situated, respectfully requests that, pursuant to F.R.C.P. Rule 23(b)(3), this Court certify the proposed class in this matter, and appoint him as Class

Representative, and his attorneys as Class Counsel.

        Respectfully submitted,

        James Fosnight, individually and on
        behalf of all others similarly situated,

        By: /s/ David J. Philipps_____
        One of Plaintiff's Attorneys

Dated: August 10, 2015

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 10, 2015, a copy of the foregoing **PLAINTIFF'S MEMORANDUM IN SUPPORT OF AMENDED MOTION FOR CLASS CERTIFICATION** was filed electronically.  Notice of this filing was sent to the following parties by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system.

Charity A. Olson                                colson@olsonlawpc.com
Olson Law Group
2723 S. State Street
Suite 150
Ann Arbor, Michigan 48104

John T. Steinkamp                            steinkamplaw@yahoo.com
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227


/s/ David J. Philipps_____
David J. Philipps
Philipps & Philipps, Ltd.
9760 South Robert Road
Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com