UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES FOSNIGHT individually and on behalf of all others similarly situated, </br></br>  Plaintiff, </br></br> vs. </br></br> CONVERGENT OUTSOURCING, INC. a Washington corporation, and Jefferson Capital Systems, LLC, a Georgia limited liability company, </br></br> Defendants. | No. 1:15-cv-00606-LJM-DML |

**ORDER ON PLAINTIFF'S AMENDED MOTION TO CERTIFY CLASS**

This action is now before the Court on Plaintiff James Fosnight's, individually and on behalf of himself and all others similarly situated ("Plaintiff's"), Amended Motion to Certify Class (the "Motion"). Dkt. No. 22. For the reasons stated herein, the Court **GRANTS** the Motion.

**I. BACKGROUND & ARGUMENTS**

Plaintiff alleges that Defendants, Convergent Outsourcing, Inc. ("Convergent") and Jefferson Capital Systems, LLC ("Jefferson") (collectively, "Defendants"), sent Plaintiff a form collection letter, dated December 30, 2014, that failed to provide him with an effective validation notice, in violation of § 1692g and § 1692f of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* See Compl. ¶¶ 9, 12-19; Dkt. No. 1-3. Plaintiff complains that the letter did not state that if Plaintiff disputed the debt, the dispute had to be made in writing to protect his right to obtain validation of the debt, which is required by § 1692g(a)(4). Dkt. No. 23 at 1-2. Further, Plaintiff asserts that such failure to advise him

that his dispute must be in writing to be effective, is an unfair or unconscionable means to collect or attempt to collect the debt in violation of § 1692f. *Id.* at 2.

Plaintiff argues that the Court should allow him to represent a class with the following definition: All persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for an Apsire credit card account, via the same form collection letter that Defendants sent to Plaintiff from one year before the date of the Complaint to the present. *Id.* Plaintiff asserts that all the pre-requisites for class certification pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure ("Rules 23(a) and (b)(3)") are met.

Specifically, as to numerosity, Plaintiff states that the proposed class would consist of at least 74 persons who received the same initial communication letter as he did. Dkt. No. 23 at 4; Dkt. No. 38 at 4-6. Plaintiff relies on account notes provided by Defendants to evidence that at least 74 individuals in Indiana received no prior written communication regarding their debts. Dkt. No. 38 at 6; Robertson Decl. at Ex. A. With respect to commonality, or issues that are common amongst the putative class members, Plaintiff asserts that there are at least two issues common to each class member: (1) whether or not the form collection letter violates the FDCPA; and (2) the amount of statutory damages to which each class member is entitled. Dkt. No. 23 at 4-5. Similarly, Plaintiff claims that his claim is typical "because they are brought pursuant to the FDCPA, relate to the identical form debt collection letter, and involve the same course of conduct by Defendant." *Id.* at 5. Finally, in regards to adequacy of representation, Plaintiff denies any claims that are antagonistic to the class, and avers that he has sufficient interest in the outcome to ensure vigorous advocacy. *Id.* at 5-6; Dkt. No. 38 at 8-9. Further,

Plaintiff's counsel is highly experienced in bringing class claims pursuant to the FDCPA. Dkt. No. 23 at 6; Dkt. No. 38 at 9-10.

Defendants primarily argue that the class is not ascertainable because individual questions regarding the timing, content and effect of the communication on the individual putative class members predominate. Dkt. No. 28 at 2, 6-9. Defendants make similar arguments with respect to commonality. *Id.* at 10-11. In addition, Defendants argue that Plaintiff cannot show that the class is sufficiently numerous. *Id.* at 9-10. Moreover, Defendants contend that Plaintiff cannot show that his claims are "in fact" typical of those of the proposed class because there are too many factual distinctions to be made regarding whether or not the subject form letter was an "initial communication" as required by § 1692g. *Id.* at 11-12. This same question, Defendants allege, dooms Plaintiff's claim that he "has the same essential characteristics of the class at large." *Id.* at 12. Defendants finally contend that Plaintiff cannot show that common issues predominate when their affirmative defenses depend upon the particular facts as to each putative class member; and that individual class members would not achieve as good a result as they could if they filed suit alone. *Id.* at 12-13.

## II. DISCUSSION

The standards for class certification are found in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Rule 23 provides that a named party may sue on behalf of individuals who are similarly situated if six requirements are met: (1) the class is so numerous that joinder of all putative class members is impracticable ("numerosity"); (2) there are questions of law or fact common to the putative class members or ("commonality"); (3) the claims or defenses of the named plaintiff are typical of the claims

or defenses of the putative class members ("typicality"); (4) the named plaintiff will fairly and adequately protect the interests of the class; (5) questions of law or fact common to the putative class members predominate over any questions affecting only individual putative class members; and (6) a class action is superior to other available methods to fairly and efficiently adjudicate the controversy. Fed. Rs. Civ. P. 23(a) & 23(b)(3); *Messner v. Northshore Univ. HealthSys.*, 669 F.3d 802, 811 (7th Cir. 2012). In determining whether or not to certify this class, the Court must take into consideration any evidence submitted by the parties, including any exhibits. *Messner*, 669 F.3d at 811.

### A. RULE 23(a) FACTORS

Defendants primarily argue that individual issues of fact preclude a conclusion that the class is identifiable; in other words, there is no support for Plaintiff's assertion that the class is easily identifiable, numerous enough that joinder is impractical, that his claims are typical of those of the putative class members, that common questions of law and fact exist (and predominate), or that Plaintiff is an adequate representative because his claims are so similar to those of a the putative class members. The argument is without merit. The claim Plaintiff raises in the Complaint is a simple one: Does the letter he received from Defendants violate § 1692g or § 1692f of the FDCPA? Section 1692g requires that, within 5 days of Defendant's first communication to a consumer, Defendants had to provide the consumer with an effective validation notice, containing, among other disclosures "(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt." 15 U.S.C. § 1692g(a)(4). Section 1692f prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to

collect a debt. 15 U.S.C. § 1692f(1). Plaintiff relies upon Defendant's own contact records to evidence that at least 74 people in Indiana received the subject letter as the first written communication about the alleged debt. Robertson Decl., Ex. A. Although it is possible that Defendants provided the necessary information in an initial oral communication with a putative class member, they have provided no evidence that any such oral communication occurred with any of the individuals who received the subject letter. As such, although the class size may be narrowed by any further discovery, at this stage of the litigation, the Court concludes that Plaintiff's criteria for identification of the class is sufficiently precise and objective to satisfy the requirements of Rule 23. Further, that same criteria has already identified at least 74 putative class members, which is sufficient to satisfy the numerosity requirement because joinder of 74 individuals would be impractical. Similarly, because the class definition uses the letter as the touchstone of potential liability under the FDCPA, Plaintiff's claim is typical to those of similarly situated class members.

With respect to commonality and typicality, Defendants claim that individual answers to multiple factual issues, such as whether or not each class member received the letter or whether or not the letter was in fact the initial communication with or to the consumer, defeat Plaintiff's argument that common questions drive this litigation. Dkt. No. 28 at 10-12. As to receipt, it is presumed that the letter Defendants mailed was received by each individual to which it was addressed (Plaintiffs have already excluded individuals who were sent the letter, but for which an undeliverable notice was received back). *See Bobbitt v. The Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001) (stating that "the law presumes timely delivery of a properly addressed piece of mail"). *Cf. Bartlett v.*

*Heibl*, 128 F.3d 497, 499 (7th Cir. 1997) (stating that reading the letter is not an element of a violation of the FDCPA). And, again, with respect to whether or not the letter was the initial communication, Defendants' have provided no other records of communication with these consumers. At this stage of the litigation, the Court will not engage in speculation as to whether or not any putative class member was contacted by Defendants by phone and given all of the required information. The Court concludes that Plaintiff's claims are both common and typical to those of the class.

With respect to adequacy, Defendants claim that Plaintiff's cannot protect the interests of the class because there may be some plaintiffs for whom the letter was not the first communication with Defendants. Dkt. No. 28 at 12. Again, Defendants point to no evidence that any putative class member had a prior oral communication with them about their debt and the Court will not speculate as to whether or not this is the case. Further, Plaintiff's claim cannot be said to "antagonistic" to those of any putative class member; therefore, Plaintiff's claim is typical of that of the rest of the class. In addition, Defendants make no argument that Plaintiff's counsel has extensive experience in consumer litigation of this type and will vigorously pursue damages for both Plaintiff and the class members. The Court finds that Plaintiff's attorneys are well qualified to represent the class in this action. *See* Pl.'s Ex. 4, David J. Philipps Decl.

### B.  PREDOMINATION AND SUPERIORITY

The last consideration is the Rule 23(b)(3) factors of whether or not common questions of law and fact predominate over any individualized questions and whether or not a class action is a superior method to adjudicate the claims of the class members. Fed. R. Civ. P. 23(b)(3). In the context of Plaintiff's FDCPA claim, the key issue in the

case—whether or not the letter violates the FDCPA—is identical as to each putative plaintiff. The primary individualized issue that Defendants raise, namely whether or not the letter was the first communication with the debtor, is readily addressed in the class context because Defendants should have a record of its contacts with each class member.

Further, the Court is equally confident that a class action is the most effective form of resolving this dispute. This method will allow for a single, uniform adjudication of the central issue: whether or not Defendants' letter violates the FDCPA. Defendants' half-hearted attempt to argue that a class action is inferior because class members could recover more proceeding alone and that there is plenty incentive for individual claims is not persuasive. *See* Dkt. No. 28 at 14. The Seventh Circuit has rejected arguments that *de minis* recovery should bar a class action. *See Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). In addition, the Court disagrees that putative class members are aware of the "appropriate incentives" to pursue individual claims.

### III. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Plaintiff James Fosnight's Amended Motion for Class Certification. Dkt. No. 22.

The following class is hereby CERTIFIED:

All persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for an Apsire credit card account, via the same form collection letter that Defendants sent to Plaintiff from one year before the date of the Complaint to the present.

IT IS SO ORDERED this 27th day of January, 2016.

Distribution attached.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

Charity A. Olson
Olson Law Group
colson@olsonlawpc.com

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angiekrobertson@aol.com

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com